CLD-111                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3039
_____

JAMOR J. DEMBY,
                        Appellant

v.

COUNTY OF CAMDEN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-23-cv-02042)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2024

Before:  KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: May 17, 2024)
_____

OPINION*
_____

**PER CURIAM**

        In 2020, Jamor Demby commenced an action under 42 U.S.C. § 1983 against the

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

City of Camden and the County of Camden.  See Demby v. City of Camden, No. 20-cv-13893 (D.N.J.).  In his amended complaint, which he served on only the City, Demby claimed that the City had violated his Fourteenth Amendment rights by instituting a custom, practice, or procedure that, in addition to the City's negligence and failure to protect him, caused him to be shot on June 15, 2004.  The City moved to dismiss the amended complaint on the ground that, inter alia, his claim was barred by the applicable two-year statute of limitations.  The District Court granted the City's motion and dismissed the complaint.  We affirmed.  Demby v. City of Camden, No. 22-2941, 2023 WL 2160320, at *2 (3d Cir. Feb. 22, 2023) (per curiam) (not precedential).

Demby then filed a new complaint in the District Court raising the same claim, but this time he named only the County of Camden as a defendant.  **(DCT Dkt. No. 1)**  The District Court, screening the complaint under 28 U.S.C. § 1915(e)(2)(B), dismissed it with prejudice because (1) it duplicated the claim raised and dismissed in Demby's previous action and (2) the claim was barred by the statute of limitations.  **(DCT Dkt. No. 4 at 3-4)** Demby filed a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), arguing that he was entitled to equitable tolling of the limitations period "based upon the [continual] constitutional violation" because "the bullet is still lodged inside [his] body."  Mot. 1, ECF No. 10.  The District Court rejected his argument and denied relief.  Demby appealed.[1]

---

[1] Demby repeated his tolling argument in a second Rule 59(e) motion, **(DCT Dkt. No. 14)** and the District Court again denied relief.  Demby filed an amended notice of appeal challenging that ruling, but we lack jurisdiction to review it because Demby's amended

We have jurisdiction pursuant to 28 U.S.C. § 1291 to review the District Court's underlying dismissal order and its order denying reconsideration thereof. See Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986). We exercise plenary review over the District Court's sua sponte dismissal of the complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the denial of the Rule 59(e) motion for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We may summarily affirm on any basis supported by the record if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We will affirm because the District Court correctly concluded that Demby's claim was barred by the applicable two-year statute of limitations. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); N.J. Stat. Ann. § 2A:14-2. As we explained when Demby sued the City for its alleged wrongdoing in the June 2004 shooting, the limitations period for claims arising from this incident began to run when Demby "knew or should have known of the injury upon which [the] action is based," Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998), and it is clear from the complaint that Demby knew that he was shot when he suffered injuries to his elbow and hip in 2004. **(DCT Dkt. No. 1 ¶ 6)** He did not, however, commence this action until April 2023, nearly two decades later.

---

notice of appeal was untimely. **(DCT Dkt. No. 19)** See Fed. R. App. P. 4(a)(4)(B)(ii).

3

In his Rule 59(e) motion, Demby argued that tolling was warranted under the continuing violation doctrine because the bullet from the 2004 shooting is still inside his body. But "a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." Weis–Buy Servs., Inc. v. Paglia, 411 F.3d 415, 423 (3d Cir. 2005) (alterations omitted). Therefore, we agree with the District Court that that doctrine does not apply here. As Demby did not raise any other arguments to demonstrate "an intervening change in controlling law[,] the availability of new evidence[,] or . . . the need to correct clear error of law or prevent manifest injustice," Lazaridis, 591 F.3d at 669, we discern no abuse of discretion in the District Court's denial of the Rule 59(e) motion. Cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

Accordingly, we will summarily affirm.